
DEFENDANT'S EXHIBIT A

2021-00592 / Court: 269

1/6/2021 12:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49443476
By: Carolina Salgado
Filed: 1/6/2021 12:02 PM

CAUSE NO. _____

| | | |
|---|---|---|
| RAQUEL GUERRERO, *Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| BILLY WALLER TRUCKING, *Defendant.* | § § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RAQUEL GUERRERO, PLAINTIFF (hereinafter, "Plaintiff"), in the above-styled cause, and files this Plaintiff's Original Petition, Jury Demand, and Requests for Disclosure, complaining of and against BILLY WALLER TRUCKING, DEFENDANT (hereinafter, "Defendant"), and for cause of action in support thereof would respectfully show unto the Honorable Court and Jury the following:

### I. PARTIES

1.1 Plaintiff, RAQUEL GUERRERO, is an individual resident of Houston, Harris County, Texas.

1.2 Defendant, BILLY WALLER TRUCKING, is an Arkansan company with its principal office located at 509 West Main, Emerson, Arkansas 71740, and may be served pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code by serving its registered agent Jeffrey Fultz at 10343 Sam Houston Park Dr., #210 Houston, Texas, 77064-4656.

Certified Document Number: 93799645 - Page 1 of 7

## II. JURISDICTION AND VENUE

2.1     This Court has jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits.

2.2     Venue for this case is proper in Harris County, Texas, pursuant to 15.002(a)(4) of the Texas Civil Practice and Remedies Code in that Harris County is the county in which plaintiff resided at the time of the accrual of the cause of action.

2.3     Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks only monetary relief of $1,000,000.00 or more.

## III. DISCOVERY CONTROL PLAN

3.1     Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff seeks a Level 2 Discovery Control Plan.

## IV. FACTS

4.1     On or about August 15, 2019, Plaintiff, RAQUEL GUERRERO, was a passenger traveling eastbound on U.S. Highway 82 when a piece of metal pipe from a truck struck the front passenger side of the windshield hitting Plaintiff in the face. The metal pipe matched the cargo of two tractor-trailers owned by Defendant that were traveling westbound with over-sized loads.

4.2     On the date and time of the accident, Defendant owned the aforementioned two tractor-trailers. Defendant gave express or implied consent to use the tractor-trailers. Defendant, its agents, representatives or employees, failed to exercise reasonable care that proximately caused Plaintiff's damages.

Certified Document Number: 93799645 - Page 2 of 7

## V. CAUSES OF ACTION

**Negligence**

5.1 The occurrence made the basis of this lawsuit resulted from the improper conduct of Defendant, which proximately caused the injuries and damages to Plaintiff. Defendant owed Plaintiff a duty to conduct itself as a person of ordinary prudence would have in similar circumstances. Defendant's agent operated the vehicle said agent was driving in a negligent, reckless manner, and breached the duties owed to Plaintiff when it, among other negligence conduct:

    a. Failed to properly secure the load;

    b. Driver inattentiveness;

    c. Driving in a negligent and unsafe manner;

    d. Failed to exercise due to care and diligence in operation of Defendant's vehicle;

    e. Failed to follow and abide by the traffic laws of the State of Texas; and

    f. Failed to act as a person of ordinary prudence would have in a similar situation.

5.2 Each of these acts and/or omissions above, whether taken singularly or in any combination, constitutes negligence. Defendant's negligence proximately caused injuries and other losses as specifically set forth herein, all of which Plaintiff has suffered and which Plaintiff will continue to suffer in the future, and for the remainder of Plaintiff's natural life.

**Negligent Entrustment**

5.3 Defendant is also liable under negligent entrustment of a motor vehicle. Defendant entrusted the vehicle to it's agent, employee, and/or driver. Defendant's agent, employee, and/or driver was reckless in the operation of the vehicle and Defendant knew or should have known that Defendant's agent, employee, and/or driver was a reckless driver. Defendant was negligent in the operation of the vehicle for the reasons stated above and this negligence proximately caused Plaintiff's injuries.

**Negligent Hiring**

5.4 Defendant is also liable for negligent hiring. Defendant owed Plaintiff a legal duty to hire, supervise, train, or retain competent employees that would be operating their vehicles. Defendant breached this duty and the breach was the proximate cause of Plaintiff's injuries.

**Gross Negligence**

5.5 Defendant's conduct, as described above, constitutes gross negligence as that term is defined in Texas. Specifically, the Defendant's acts and omissions, when viewed objectively from the standpoint of the Defendant at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and which the Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including the Plaintiff.

## VI. DAMAGES

6.1     As a proximate result of Defendant's negligence, Plaintiff suffered physical injuries. As a result of these injuries, Plaintiff suffered the following damages:

- a. Medical expenses in the past and the future;
- b. Physical impairment in the past and the future;
- c. Physical pain and mental anguish in the past and the future;
- d. Loss of enjoyment of life;
- e. Exemplary damages;
- f. Pre-judgment interest;
- g. Post-judgment interest;
- h. Costs of Court; and
- i. Such other items as may be supplemented after discovery.

## VII. REQUESTS FOR DISCLOSURE

7.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose, within fifty (50) days of the service of this Request, the information or material described in Rule 194.2.

## VIII. JURY DEMAND

8.1     Plaintiff demands a jury for all issues presented herein. The requisite jury fee has been paid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays this Honorable Court cite Defendant to appear and answer herein, that upon final trial and other hearing of this cause, that Plaintiff recover damages from Defendant in accordance with the evidence, and as the jury deems them deserving, that Plaintiff recovers costs of court herein expended, that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both prejudgment and postjudgment, and any and all further such relief, general or special, either in law or at equity, to which this Honorable Court determines Plaintiff justly entitled.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

By:   */s/ R. O. Cantu*
R. Clive Markland
State Bar No. 24027475
Rob O. Cantu
State Bar No. 24094580
Alejandra Muñoz Torres
State Bar No. 24108858
2555 North MacGregor
Houston, Texas 77004
Telephone:   713.630.0900
Facsimile:   713.630.0991
Email: cm@robertsmarkland.com
Email: rc@robertsmarkland.com
Email: am@robertsmarkland.com
Email: eservice@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 6, 2021

Certified Document Number:        93799645 Total Pages: 7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**